**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LAUREN B. PENA,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **JOSE GARZA, *in his official capacity as*** | § | **A-25-CV-1327-DAE-ML** |
| ***District Attorney of Travis County, Texas;*** | § | |
| **TRAVIS COUNTY DISTRICT** | § | |
| **ATTORNEY'S OFFICE,** | § | |
| **Defendants.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE DAVID A. EXRA
SENIOR UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States

District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court

Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).

Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review

and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.     REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's motion and determined Plaintiff is indigent and should

be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS**

Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint

without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).

This indigent status is granted subject to a later determination the action should be dismissed if

1

the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

### A.    Factual Background

Plaintiff Lauren Pena seeks a declaratory judgment and injunctive relief against Jose Garza, as the Travis County District Attorney, and the Travis County District Attorney's Office. She claims Garza's policies and practices as the District Attorney have left Travis County less safe. She cites his systematic release of violent offenders without proper bond, his failure to timely indict defendants within statutory deadlines, and his categorical refusal to prosecute entire classes of offenders. She asserts state-law claims of incompetency and official misconduct, as well as a § 1983 claim for violation of her due process and equal protection rights and an Americans with Disabilities Act Claim ("ADA").

Pena's § 1983 due process and equal protection claims are based on her allegation that Garza "has subjected Plaintiffs [sic] to ongoing threats to life, liberty, and property without due process of law." Compl. at 4. She asserts Garza's policies "have created de facto immunity zones for criminal activity, resulting in open-air drug use, assaults, and violent crimes throughout

Travis County." *Id*. at 3. Her ADA claim is based on the assertion that "refusal to prosecute violent and disorderly conduct by the homeless population disproportionately impacts blind and disabled individuals in Travis County, particularly those attending or associated with the Texas School for the Blind and the Austin Council for the Blind. This failure creates a public safety crisis that impairs these individuals' ability to safely navigate their community, access transportation, and receive equal protection under the law."[1] *Id*. at 4. She also claims that "[h]omeless individuals frequently bang on my door in the middle of the night, triggering PTSD symptoms." *Id*.

### B.     Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with

---

[1] Pena does not allege she is blind, and her referral to "these individuals' ability" further suggests she is not a blind individual.

meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.    Discussion

The Travis County District Attorney's Office is not a legal entity that can be sued. Accordingly, the court will assume Pena intends to bring suit against Travis County, a legal entity that can be sued.

Federal courts cannot consider the merits of a case unless it "presents an 'actual controversy,' as required by Art. III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Steffel v. Thompson*, 415 U.S. 452, 458 (1974)). The many doctrines that have fleshed out the "case or controversy" requirement—standing, mootness, ripeness, political question, and the like—are "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))). These "doctrines state fundamental limits on federal judicial power in our system of government." *Id.*

The "essence" of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Barbour*, 529 F.3d at 544 (citing *Warth*, 422 U.S. at 498). In order to have standing, "a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id.* (quoting *Houston Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d 613, 617 (5th Cir. 2007)). An injury in fact is an invasion of a legally protected interest which is "actual or imminent, not

conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

As to both her § 1983 and ADA claims, Pena has not described facts of any particular threat to her life, liberty, or property. Nor has she described any facts specifically tying these threats to Garza's policy decisions. Her harm is speculative, not actual or imminent. She does not allege she is visually impaired, which is the basis of her ADA claim. Nor does she allege that any homeless person who has banged on her door previously committed a crime that Graza had refused to prosecute. Pena has failed to plead facts that demonstrate she has standing to bring her federal claims.

Even if she had, the political question doctrine would prevent the court from reaching her claims. "The concept of justiciability, as embodied in the political question doctrine, expresses the jurisdictional limitations imposed upon federal courts by the 'case or controversy' requirement of Article III." *Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 948 (5th Cir. 2011) (cleaned up). "At its core, the political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Id.* (cleaned up). Garza is an elected official, and his policy decisions are plainly political questions not generally cognizable in federal court. Accordingly, the undersigned will recommend her federal claims be dismissed.

If the court dismissed Pena's federal claims, it will have no jurisdiction over her state-law claims. Accordingly, the undersigned will recommend those be dismissed as well.

### III.     ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's motion to proceed *In Forma Pauperis* (Dkt. 2).  The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV.     WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED September 11, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE